Case 1:25-mj-00170-GMH    Document 1-1

Case: 1:25-mj-00170
Assigned To: Judge Harvey, G. Michael
Assign. Date: 8/24/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On Saturday, August 23, 2025, at approximately 2:22 a.m., Homeland Security Investigations ("HSI") Special Agent Javid Narain. ("V-1") was sitting in an unmarked vehicle at the intersection of Fenwick Street, N.E. and Okie Street, N.E., in Washington, D.C. with HSI Special Agent John Cooley. (W-1) when they observed a group of individuals fighting. V-1 and W-1 activated their lights and siren and exited their vehicle. V-1 and W-1 were wearing ballistic vests with "HSI" lettering on the front and "POLICE" on the back. At the time of the offense, V-1 and W-1 were on working with officers from the Metropolitan Police Department ("MPD") pursuant to the President's March 28, 2025, Executive Order, "Making the District of Columbia Safe and Beautiful" and August 11, 2025, Executive Order, "Declaring a Crime Emergency in the District of Columbia" deploying Metropolitan Police Department ("MPD") officers for federal purposes under D.C. Code § 1-207.40

Your affiant interviewed V-1 and W-1 separately.

V-1 told your affiant the following:

As V-1 and W-1 walked out of their vehicle, the fighting group had been separated. V-1 and W-1 were met by three of the individuals who had been involved in the fight. A fourth individual, later identified as the defendant, Paul Nguyen (DOB: ███ 1991), was identified as the aggressor of the fight. Defendant Nguyen was observed to be heavily intoxicated.

V-1 observed Defendant Nguyen arguing again with a female and during the argument, Defendant Nguyen punched the female in the face. V-1 then attempted to detain Defendant Nguyen and Defendant Nguyen pulled his arm away from V-1 and charged at V-1, causing V-1 to fall to the ground and scrape his knee. W-1 immediately jumped in to assist V-1, and as he and V-1 attempted to detain the Defendant, the Defendant continued to attempt to pull away from the agents. V-1 and W-1 were eventually able to restrain and detain Defendant Nguyen.

V-1 activated his body worn camera at some time after he and W-1 were able to subdue and detain the Defendant.

W-1 told your affiant the following:

W-1 recalled arriving on the scene and seeing a group fighting. W-1 said that he and V-1 activated lights and sirens to break up the fight. V-1 jumped out of the vehicle while W-1 parked the vehicle and attempted to call back-up on his cellular phone. When W-1 got out of the vehicle, he observed the Defendant arguing with the female and punched her in the face. V-1 was between the female and the Defendant when this occurred and tried to intervene and detain the Defendant. Meanwhile, W-1 tried to prevent another bystander from approaching the altercation between female and the Defendant. W-1 observed the Defendant charge at V-1, and in response, V-1 wrapped the Defendant up with his arms. W-1 then jumped in and wrapped up both V-1 and the Defendant with his arms, causing the three of them to fall to the ground. As V-1, W-1, and the Defendant were on the ground, they gave commands to the Defendant to gain control of him. The Defendant continued to try to pull his arms away and shouted at the group of civilians that he had been fighting with. V-1 and W-1 were eventually able to detain the Defendant.

W-1 recalled that he activated his body worn camera after he was on the ground with V-1 and the Defendant. Upon review of W-1's body worn camera, the camera video shows that the footage began when V-1 and W-1 were standing up right with defendant restrained.

Photos were taken of scrapes to V-1's knees and W-1's knuckles, which resulted from falling to the ground as V-1 and W-1 sought to detain the Defendant.

Your affiant reviewed the body warn camera footage of the arresting officer from the Metropolitan Police Department, which showed that the officer had interviewed the individuals on the scene who had been observed fighting with the Defendant when V-1 and W-1 arrived. One of the witnesses can be heard on the footage saying that Defendant had tried to open the car door of the vehicle he was sitting in with his two female friends. He said the Defendant swung at at him and at his female friend, and that he hit the Defendant in self-defense, knocking him to the ground. He said the Defendant got up from the ground and tried to hit his female friend again. He said that the police then "tackled [the Defendant] on the ground."

Defendant Nguyen was placed under arrest for assaulting a police officer and was transported to the Fifth District police station for processing. As he was arrested, Defendant Nguyen complained that his arm had been broken in the altercation with V-1 and W-1.

Defendant Nguyen was identified by his Maryland state identification and his identification was confirmed via WALES/NCIC.

As such, your affiant submits that there is probable cause to believe that Paul NGUYEN violated 18 U.S.C. § 111(a) (felony) by forcibly assaulting and making physical contact with V-1 while they he was engaged in or account of the performance of their official duties, respectively.

Respectfully submitted,

Colleen Brennan
Special Agent FBI

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 23, 2025.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE