UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.   : | 25-MJ-170-GMH |
| PAUL NGUYEN   : | |

### RESPONSE TO GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE

On September 15, 2025, the government moved to dismiss the charges against Mr. Paul Nguyen under Federal Rule of Criminal Procedure 48(a) without prejudice. The government's decision to dismiss this clearly unmeritorious case, while correct, does not go far enough. The Court, therefore, should dismiss the charges with prejudice.

### ARGUMENT

Federal Rule of Criminal Procedure 48(a) "allow[s] courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity'" in determining whether to grant a dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 n. 10 (D.D.C. 1989) (quoting *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)); *see also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) (same). The Court may reject a government motion for dismissal without prejudice and order a dismissal with prejudice. *Poindexter*, 719 F. Supp. at 10. Indeed, courts have an independent obligation to ensure that dismissal without prejudice would not prejudice a defendant.

Though there is "a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id*. "The primary reason for the 'leave of court' requirement [in Rule 48(a)] is to 'protect a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or

place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)); *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977).

Finding that a defendant would be subject to harassment through dismissal without prejudice does not require a showing of bad faith on the part of the government. "[T]he question is not whether the government was acting in bad faith, but rather whether the actions of the government objectively amounted to harassment." *Pitts*, 331 F.R.D. at 203; *see also United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) (indictment should have been dismissed with prejudice where government moved to dismiss due to dissatisfaction with selected jury). The Court must consider the purpose the government is seeking to achieve and the effect on the accused. *United States v. Madzarac*, 678 F. Supp. 3d 42, 46 (D.D.C. 2023); *United States v. Adams*, 777 F. Supp. 3d 185, 217 (S.D.N.Y. 2025) ("A court can determine whether the potential for harassment renders a dismissal with prejudice in the public interest by looking at the *purpose* of the government's dismissal and the *effect* it has on the defendant." (quoting *Madzarac*, 678 F. Supp. 3d at 46)).

Dismissal of a charge for the purpose of re-bringing it at a time or place more favorable to the government would be precisely the type of conduct that Rule 48(a) was designed to prevent. *Rinaldi*, 434 U.S. at 29 n.15 ("The principal object of the 'leave of court requirement is . . . to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."). The leave of court requirement included in Rule 48(a) has been characterized as a "power to check power," *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)—an "essential check on potential misconduct by the executive branch," *United States v. James*, 861 F. Supp. 151, 155 (D.D.C.

1994).

The process to determine whether to dismiss with or without prejudice is a two-part inquiry. "First, '[w]hen the prosecutor's discretion is challenged, the prosecutor has the initial burden of explaining that a dismissal without prejudice would be in the public interest.'" *Madzarac*, 678 F. Supp. 3d at 46. (quoting *United States v. Florian*, 765 F. Supp. 2d 32, 35 (D.D.C. 2011)). The first threshold is "exceedingly low." *Id.* Assuming the government meets it, courts must then consider "whether 'dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest."'" *Id.* (quoting *United States v. Simmons*, No. 18-cr-344 (EGS), 2022 WL 1302888, at *19 (D.D.C. May 2, 2022) (quoting *Poindexter*, 719 F. Supp. at 10)). This process thus "grants authority to the court in exceptional cases to reject a dismissal without prejudice." *Poindexter*, 719 F. Supp. at 10.

"To ensure that the government's request for dismissal of criminal charges 'sufficiently protects the public,' the government may be required to submit 'a statement of reasons or underlying factual basis,' which must be 'substantial' to justify the dismissal and not 'a mere conclusory statement.'" *United States v. Mangia*, 2025 WL 266493 (Jan. 22, 2025) (Howell, J.) (quoting *Ammidown*, 497 F.2d at 620). Here, the government has provided no "sufficient basis for avoiding dismissal with prejudice." *Poindexter*, 719 F. Supp. at 11. Indeed, unlike in other cases, the government submits *no reason* in its motion for why it seeks to dismiss this case, much less a basis for why dismissal with prejudice should be avoided.

The complaint in this case charges Mr. Nguyen with assaulting a federal officer in violation of 18 U.S.C. § 111(a). But given the government's inability to obtain an indictment against other similarly-charged defendants, and the timing of the government's filing of the motion to dismiss—the day before the preliminary hearing—the Court should be concerned. Indeed, it is not unlikely

3

that the government only filed its motion to dismiss with an eye toward refiling charges against Mr. Nguyen, perhaps when a new grand jury is empaneled. Doing so "would objectively amount to harassment" by allowing "the prosecutor to dismiss charges but nevertheless keep them in abeyance for an indefinite period of time in the hope of expectation that something will turn up to remove the complications" of the initial prosecution. *Poindexter*, 719 F. Supp. at 11. Courts should not dismiss charges without prejudice to permit the government to "'*commence[] another prosecution at a different time or place deemed more favorable to the prosecution.*'" *Id.* (emphasis in original) (quoting *Ammidown*, 497 F.2d at 620). "[S]uch a strategy of dismissing a case without prejudice in order to bring it again under more advantageous circumstances is precisely the kind of tactical situation that is prohibited by Rule 48(a) and its progeny." *United States v. Borges*, 153 F. Supp. 3d 216, 220 (D.D.C.) (quotation marks omitted); *United Salinas*, 693 F.2d at 353.

  Given the gate-keeping function the leave of court requirement serves, when deciding whether to grant leave to dismiss under Rule 48, a court cannot simply "rubber stamp [ ] the prosecutor's decision." *Ammidown*, 497 F.2d at 622. Protecting the defendant from "prosecutorial harassment, *e.g.*, charging, dismissing, and recharging," must be the court's "primary" consideration when deciding whether to grant the government leave to dismiss post-indictment. *Rinaldi*, 434 U.S. at 30 n.15; *see also United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). Recently, the government has revealed an appetite for engaging in precisely the "prosecutorial harassment" that the Supreme Court has held Rule 48 is designed to prevent: "charging, dismissing, and recharging" a case at a time or place more beneficial to the government. *Rinaldi*, 430 U.S. at 30 n.15. This "prospect of reindictment" cannot be permitted to "hang[] like the proverbial Sword of Damocles over the accused." *United states v. Adams*, 777 F. Supp. 3d 185, 216 (S.D.N.Y. 2025).

Several courts in this district have dismissed cases with prejudice to avoid similar government attempts to obtain a tactical advantage. *See, e.g., Pitts*, 331 F.R.D. 199 (dismissing with prejudice where government failed to timely obtain DNA testing consistent with court's discovery order and sought dismissal to obtain testing and bring charges again); *Borges*, 153 F. Supp. 3d at 220 (D.D.C. 2015) (dismissing with prejudice where government sought dismissal without prejudice in the hope that witness problem would later be cured); *Poindexter*, 719 F. Supp. 6 (dismissing with prejudice charges government sought to dismiss without prejudice because classified information precluded presentation of evidence, finding that allowing government such tactical advantage would be harassment).

The alternative likely reason for the government's dismissal should perhaps cause the Court more concern: that the government simply realized that it never had the evidence to support this case against Mr. Nguyen. The government's decision to bring excessive federal charges and then failing to meet its burden before grand juries in similarly-charged cases is unusual. The frequency of "no-bills" in recent weeks demonstrates a pattern of abuse by the United States Attorney's Office. While discussing similar cases with the media, seasoned federal prosecutors have stated this is something they had never seen. One former member of the U.S. Attorney's office told CBS News, "Not only have I never heard of this happening, I've never heard of a prosecutor who's heard of this happening."[1] Another asserted that "[i]t is exceptionally rare for federal grand juries to reject proposed changes, given the low evidentiary bar for indictment and the Justice Department's policy of pursuing cases only when there is sufficient evidence to both

---

[1] Scott McFarlane, *D.C. grand jurors reject latest wave of Justice Dept. indictment requests*, CBS News (Sept. 3, 2025).

secure and sustain a conviction."[2] Yet another former prosecutor told National Public Radio that between his 35 years of experience and a former colleague's 25 years of experience, they were aware of only one failure to obtain an indictment by the U.S. Attorney's Office: "We compared notes last week. He never had a case no-billed by the grand jury, and I just had one."[3]

The U.S. Attorney's Office recently argued that the return of multiple "no-bills" by federal grand juries demonstrates that "[t]he system here is broken on many levels."[4] To the contrary, the grand juries are exercising their constitutional duty to reject the U.S. Attorney's overreach. And when asked whether her approach as U.S. Attorney means bringing weak cases, the U.S. Attorney replied, "Damn right. . . . My job is to prosecute."[5] But knowingly pursuing weak cases just to dismiss them a few weeks into the process is not without negative consequences. It strains judicial resources, erodes trust in the system, and has lasting negative impacts on the accused and their communities.

A dismissal without prejudice would be contrary to manifest public interest. The court has a great power to impress upon the government that "abuse of prosecutorial discretion" is intolerable. *Ammidown*, 495 F. 2d at 620 (noting the court's "role of guarding against abuse of

---

[2] *Id.; see also* 9 Justice Manual § 9-27.220 (An "attorney for the government should comment or recommend federal prosecution if he/she believes that the persons' conduct constitutes a federal offense, and that the admissible evidence will probably be sufficient to obtain and sustain a conviction.").

[3] Carrie Johnson, *As Trump cracks down on D.C. crime, grand juries emerge as a check on overreach*, National Public Radio (Sept. 5, 2025).

[4] McFarlane, *supra*.

[5] Katelyn Polantz & Evan Perez, "My job is to prosecute": Jeanine Pirro carries out Trump's crime crackdown with gusto. But her DC office is in turmoil, https://www.cnn.com/2025/09/18/politics/jeanine-pirro-trump-crime-crackdown-office-turmoil (last visited Sept. 19, 2025).

prosecutorial discretion"). The government represented to counsel for Mr. Nguyen that it does not intend to seek charges in the future or in another tribunal, as the government has done in other similarly-charged cases that have been filed and dismissed since August 11, 2025. So then why, besides improperly holding the threat of future prosecution in a meritless case over Mr. Nguyen's head, would dismissal with prejudice not be appropriate to the government?

## CONCLUSION

For the foregoing reasons and any other such reasons the Court deems appropriate, the Court should dismiss the charges against Mr. Nguyen with prejudice.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
TEZIRA ABE
Assistant Federal Public Defender
625 Indiana Avenue N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500